**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Patricia H., on behalf of J.R.E., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 20-cv-50431 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Kilolo Kijakazi, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Patricia H. on behalf of J.R.E., a minor ("Plaintiff")[2] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income. The parties have filed cross motions for summary judgment. [16, 21]. As detailed below, Plaintiff's motion for summary judgment [16] is denied and the Commissioner's motion for summary judgment [21] is granted.

**BACKGROUND**

A. Procedural History

On December 19, 2016, Patricia H. on behalf of J.R.E., a minor ("Plaintiff") filed an application for supplemental security income. R. 50. This application alleged a disability beginning on November 1, 2016. *Id.* The Social Security Administration ("Commissioner") denied her application on March 1, 2017, and upon reconsideration on August 28, 2017. R. 160, 168. Plaintiff filed a written request for a hearing on November 6, 2017. R. 172–74. On September 24, 2018, a hearing was held by Administrative Law Judge ("ALJ") Kevin Vodak where Patricia H. appeared and testified. R. 101–38. Plaintiff was represented by counsel. *Id.* On September 25, 2019, a supplemental hearing was held with J.R.E. present at which Patricia H. and medical expert Sai R. Nimmagadda, M.D., appeared and testified. R. 75–100.

On November 1, 2019, the ALJ issued his written opinion denying Plaintiff's claims for supplemental security income. R. 50–68. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1–4. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [6]. Now before the Court are Plaintiff's

---

[1] Kilolo Kijakazi has been substituted for Andrew Saul. Fed. R. Civ. P. 25(d).
[2] This opinion refers to Patricia H. as Plaintiff when acting on behalf of J.R.E.

motion for summary judgment [16] and the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [21].

### B. The ALJ's Decision

The ALJ conducted the required three-step analysis to determine whether J.R.E., a minor child less than 14 months old at the time of her application, was disabled under the Social Security Act. *See* 20 C.F.R. § 416.924(a). At step one, the ALJ found that J.R.E. has not engaged in substantial gainful activity since December 19, 2016, the date the application was filed. R. 53. At step two, the ALJ found that J.R.E. suffered from the severe impairments of 17% partial thickness third degree burns requiring skin grafts, developmental delay, and adjustment disorder. R. 53. At step three, the ALJ found that J.R.E. did not have an impairment or combination of impairments that met or medically equaled the severity of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1, specifically addressing listings 101.08, 108.08, 112.04, and 112.15. R. 54–68. Therefore, the ALJ concluded that J.R.E. was not disabled under the Social Security Act from December 19, 2016, to November 1, 2019, the date of the decision. R. 68.

## STANDARD OF REVIEW

The reviewing court reviews the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019)). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008),

"An ALJ need not mention every piece of medical evidence in her opinion, but she cannot ignore a line of evidence contrary to her conclusion." *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014) (citing *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012)). Nor can ALJs "succumb to the temptation to play doctor and make their own independent medical findings," *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996), or "rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018). Ultimately, the court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations and quotations omitted).

## DISCUSSION

ALJs must conduct the three-step analysis prescribed by 20 C.F.R. § 416.924 to assess whether a minor child is disabled. A claimant is only disabled if all three steps are satisfied. At step one, the ALJ must find that the claimant is not engaged in substantial gainful activity. 20 C.F.R. § 416.924(a), (b). At step two, the ALJ must determine that the claimant suffers from a

2

severe impairment, a medically determinable condition resulting in more than minimal functional limitations. 20 C.F.R. § 416.924(a), (c). Finally at step three, the ALJ must determine if the claimant's severe impairments meet, medically equal, or functionally equal an impairment described in the Social Security Administration listings for minor children provided in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.924(d), 416.925. Although the process for determining whether a child's impairments meet or medically equal a listed impairment is similar to that used at step three in adult disability cases, in childhood disability cases, the ALJ does not assess the child's residual functional capacity to do work related activities. Instead, the ALJ has to determine whether a child's impairments functionally equal a listing by rating the degree of limitation in six functional domains such as "caring for yourself" and "health and physical well-being". *See* 20 C.F.R. § 416.926a(b)(1). Here, Plaintiff argues that the ALJ erred in evaluating the medical opinion evidence regarding the third step of the analysis and that therefore his finding that her severe impairments did not meet or equal a listing was not supported by substantial evidence.

Dr. Nimmagadda and the reviewing state-agency medical consultants[3] opined that J.R.E.'s condition did not "meet or equal" a listing. R. 94-95. In a Skin Disorders Medical Source Statement dated September 19, 2019, A. Khan, M.D., J.R.E.'s treating physician, opined that J.R.E., a four-year old child at the time of her opinion, had limitations that might affect her ability to engage in full-time employment. Dr. Khan did so in an opinion referring to disability criteria for adults without addressing whether J.R.E.'s condition satisfied or exceeded the relevant listings. R. 1235–38.[4] Plaintiff argues that the ALJ improperly discounted Dr. Khan's opinion because it applied adult disability criteria to Plaintiff's condition and contends that Dr. Khan's opinion and her treatment notes should have been interpreted as evidence that J.R.E.'s condition satisfied or exceeded the listings.

"For claims filed before March 2017, a treating physician's opinion on the nature and severity of a medical condition is entitled to controlling weight if it is well-supported by medical findings and consistent with substantial evidence in the record." *Johnson v. Berryhill*, 745 F. App'x 247, 250 (7th Cir. 2018) (citing 20 C.F.R. 404.1527(c)(2); *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016)). The ALJ must first determine whether to give the treating physician's opinion "controlling weight," by evaluating if the opinion is both well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). "A treating doctor's opinion generally is entitled to controlling weight if it is consistent with the record, and it

---

[3] After reviewing J.R.E.'s then-available medical record, Victoria Dow, M.D., opined on February 16, 2017 that J.R.E.'s impairments did not meet, medically equal, or functionally equal the listings. R. 142–44. On reconsideration, Lionel Hudspeth, Psy. D. and James Hinchen, M.D., opined on August 23 and 24, 2017 that J.R.E.'s impairments did not meet, medically equal, or functionally equal the listings. R. 153–55. In his decision, the ALJ gave some weight to Dr. Dow's opinion and significant weight to Dr. Hudspeth's and Dr. Hinchen's opinions. R. 59. Plaintiff argues that these 2017 state agency consultant opinions were outdated. *See Moreno*, 882 F.3d at 728. The Court notes that Dr. Nimmagadda provided his medical opinion at a hearing conducted on September 25, 2019, the same month Dr. Khan provided her opinion. Dr. Nimmagadda's conclusion that J.R.E.'s condition did not meet or equal a listing was consistent with the opinions of the state-agency medical consultants. *See* R. 144, 155.

[4] The limitations stated in Dr. Khan's Medical Source Statement were arguably so minor that they would not have even supported a disability finding for an adult.

cannot be rejected without a 'sound explanation.'" *Hardy v. Berryhill*, 908 F.3d 309, 312 (7th Cir. 2018). An ALJ may decline to give controlling weight to a treating physician's opinions, if she "provide[s] 'good reasons' for affording it less weight." *Pavlicek v. Saul*, 994 F.3d 777, 781 (7th Cir. 2021) (citing 20 C.F.R. § 404.1527(c)(2); *Walker v. Berryhill*, 900 F.3d 479, 485 (7th Cir. 2018)). A court should "uphold 'all but the most patently erroneous reasons for discounting a treating physician's assessment.'" *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015) (quoting *Luster v. Astrue*, 358 Fed. Appx. 738, 740 (7th Cir. 2010)).

If the ALJ decides not to give controlling weight to a treating physician's opinion, he must evaluate certain checklist factors to determine the appropriate amount of weight to give the opinion. *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009). These factors include but are not limited to the nature and extent of the treatment relationship (including its length, and the frequency of examinations), the opinion's supportability, the opinion's consistency with the medical record as a whole, and the treating physician's specialization. 20 C.F.R. § 404.1527(c). While the Court "will not vacate or reverse an ALJ's decision based solely on a failure to expressly list every checklist factor, we do expect the ALJ to analyze the treating source's medical opinion 'within the multifactor framework delineated' in the regulation." *Ray v. Saul*, 861 Fed. Appx. 102, 105 (7th Cir. 2021) (internal citation omitted).

While the ALJ did not complete the two-step analysis of the treating physician rule, he provided a "good reason" and a "sound explanation" for affording Dr. Khan's opinion little weight. The ALJ found Dr. Khan's Medical Source Statement unhelpful because it answered a question not asked. J.R.E., who was less than 14 months old at the date of disability and only four years old at the time of decision, could not be evaluated for disability based on her capacity to work. No child of her age is capable of substantial work activity. As a minor, J.R.E. had to be evaluated on the six functional equivalence domains standard not the residual functional capacity standard for assessing if adult claimants have the capacity for competitive work. *See* 20 C.F.R. §§ 416.924(a), 416.926a.

Since Dr. Khan did not address the applicable standard, applying the second step of the treating physician rule to his opinion would have required the ALJ to go far beyond weighing the checklist factors. While the ALJ found Dr. Khan's opinion as to J.R.E.'s limitations to be consistent with the treatment record, he appropriately did not find these work-based limitations applicable to the minor child disability criteria. R. 60. The ALJ did, however, consider the treatment record containing Dr. Khan's notes. *See* R. 57–59. Plaintiff effectively asks the Court to find that the ALJ first erred by failing to interpret Dr. Khan's Medical Source Statement and treatment notes as a medical opinion that J.R.E.'s condition met or exceeded the listing and then erred by failing to apply the treating physician's rule to credit that interpretation over that of the unambiguous medical expert opinions.

In arguing that the ALJ should credit Dr. Khan's treatment notes over the opinions of the other medical experts,[5] Plaintiff creeps dangerously close to asking the ALJ to "play doctor." While the ALJ could have given more weight to Dr. Khan's opinion, as expressed in the report or her own treatment notes, the ALJ did not err in finding her opinion unpersuasive. Additionally,

---

[5] While Plaintiff describes Dr. Khan's treatment notes as "lengthy", [*See* 22, at p. 1], the Court notes that the record only contains treatment notes authored by Dr. Khan for two office visits (June 28 and July 22, 2019). R. 1189–98.

4

Plaintiff's briefs offer little in the way of argument as to why the ALJ would find Dr. Khan's treatment notes to be inconsistent with the conclusions the ALJ drew from his reliance on the other medical experts. Plaintiff claims the ALJ "should have weighed Dr. Khan's lengthy treatment notes" against the other opinions in the record. [22, at p. 1]. However, the only purported treatment notes of Dr. Kahn cited to by Plaintiff are notes of APN Noel Norup in relation to a burn clinic visit. [*See* 22, at p. 2 (citing R. 1233)]. In connection with that citation, Plaintiff, for example, argues that "Dr. Khan's" treatment notes document "J.R.E.'s delayed development and use of her dominant right hand" [*See* 22, at p. 2], but Plaintiff fails to explain how the ALJ's decision is inconsistent with a finding that J.R.E.'s development has been delayed and that the use of her right hand is limited. "[T]he resolution of competing arguments based on the record is for the ALJ, not the court." *Matthews v. Saul*, 833 F. App'x 432, 437 (7th Cir. 2020) (finding that "[e]ven if the evidence could support additional limitations . . . the record evidence did not require the ALJ to draw this conclusion") (quoting *Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002).

Given all of this, the ALJ's failure to note Dr. Khan's status as a treating physician and explicitly conduct the two-step treating physician rule in his decision was not an error, and to the extent there was any error, it was harmless. As "the harmless error standard applies to judicial review of administrative decisions," a court will not remand a case to the ALJ if "convinced that the ALJ will reach the same result." *Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021)). Here, for the reasons stated above, the Court is convinced the ALJ would reach the same result.

Plaintiff further argues that the ALJ erred in relying on Dr. Nimmagadda's medical opinion regarding the surgical management of J.R.E.'s condition. In his decision, the ALJ gave significant weight to Dr. Nimmagadda's opinion testimony. Dr. Nimmagadda testified that intermittent web contracture procedure was a minor procedure that did not meet Listing 101.08's requirement of continuing surgical management. R. 94–95, 97. "To meet Listing 1.08, surgical management must be 'directed toward the salvage or restoration of major function.' *Galvan v. Astrue*, No. 10 C 4824, 2011 WL 4501424, at *16 (N.D. Ill. Sept. 28, 2011) (quoting 20 C.F.R. § 404, Subpt. P, App. 1, § 101.08). Plaintiff argues that Dr. Nimmagadda's expert testimony is an incorrect interpretation of 101.08 and the other listings at issue, but has developed no other argument that Dr. Nimmagadda erred in his evaluation of any other listing. Dr. Nimmagadda is a board-certified pediatrician and allergist. R. 1114–15. While not a burn specialist, he does not need to be one in order to provide his medical expert opinion on whether J.R.E.'s condition meets or equals a listing. *Yarolem v. Berryhill*, No. 17 CV 50096, 2018 WL 4030592, at *2 (N.D. Ill. Aug. 23, 2018) ("Plaintiff has not cited to any authority that would preclude a doctor from testifying in a Social Security administrative hearing about medical issues outside of his specialty or practice area[, i]ndeed, the case law is contrary."). The ALJ committed no legal error in crediting Dr. Nimmagadda's opinion.

In addition to her specific arguments regarding Dr. Khan and Dr. Nimmagadda's opinions, Plaintiff argues generally that the ALJ's decision is not supported by substantial evidence. This argument—to the extent that it reaches beyond her arguments regarding Dr. Khan's or Dr. Nimmagadda's opinions—has been waived. Plaintiff failed to develop any other argument for how the ALJ erred in his analysis.

5

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [16] is denied and the Commissioner's memorandum in support of motion for summary judgment [21] is granted.

Date: 03/20/2023                    ENTER:

_Margaret J. Schneider_
United States Magistrate Judge